**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**UNITED STATES OF AMERICA**

       - against -

**DANIEL EGIPCIACO,**

             **Defendant.**

------------------------------------------------

05 Cr. 202 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    The defendant, Daniel Egipciaco, has moved for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

    At a sentencing hearing on January 4, 2007 this Court sentenced the defendant to 300 months imprisonment. The sentence was dictated by a mandatory minimum penalty of 240 months imprisonment pursuant to a conviction for conspiracy in violation of 21 U.S.C. § 846 to violate 21 U.S.C. § 841(b)(1)(A) and pursuant to the filing by the Government of a prior felony information pursuant to 21 U.S.C. § 851, to be followed by a mandatory consecutive sentence of 60 months for a conviction pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

    The recent amendments to the Sentencing Guidelines have generally reduced the Guideline for substance abuse offenses by two levels. However, the sentence cannot be reduced where the amendment would not have reduced the applicable Guideline Sentence Range. See 18 U.S.C. § 3582; U.S.S.G § 1B1.10(a)(2)(B); see, e.g., United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009) (per curiam); United States v.

1

Ponder, No. 06-cr-481 (JGK), 2012 WL 1570845, at *3 (S.D.N.Y. May 4, 2012).

In this case, the sentence would not be reduced by the recent amendment to the Guidelines because the sentence was dictated by the mandatory minimums that applied at the time of sentence and continue to apply today.  Therefore, the defendant is not eligible for a sentence reduction.  See, e.g., United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009); United States v. Sanchez, No. 07-cr-502, 2015 WL 1623809, at *2 (S.D.N.Y. Apr. 7, 2015).

The defendant argues that he should not have been subject to the mandatory minimum sentence for a conspiracy to distribute or to possess with the intent to distribute in excess of five kilograms of cocaine because the conspiracy did not in fact involve a conspiracy to distribute five kilograms of cocaine.  However, that argument is a challenge to the defendant's sentence and not an application pursuant to § 3582(c) for a reduction in sentence in light of an amendment to the Sentencing Guidelines.  The argument provides no basis for relief on the current motion under § 3582(c), and the defendant's current motion must therefore be denied.  See, e.g., Dillon v. United States, 560 U.S. 817, 831 (2010); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam); United States v. Perez, 129 F.3d 255, 258-59 (2d Cir. 1997).

It should be noted that the defendant's conviction was affirmed on appeal, and a motion pursuant to 28 U.S.C. § 2255 has been denied.  The defendant has not sought to make a new motion pursuant to § 2255 challenging his sentence, and the defendant has not suggested that there is any basis for a second or successive motion pursuant to § 2255, such as newly discovered evidence or a new rule of constitutional law that has been made retroactive to cases on collateral review.  Defense counsel has, however, presented substantial evidence of the defendant's continuing rehabilitation and good conduct while incarcerated.  The Court previously and unsuccessfully urged the Government not to seek a high mandatory minimum sentence in this case, which removed a significant amount of sentencing discretion from the Court and resulted in the sentence that was required to be imposed. The Government could have achieved that result by not filing or withdrawing the prior felony information that resulted in increasing the mandatory minimum penalty in this case by ten years imprisonment.  The mandatory minimum penalty was increased from fifteen years imprisonment to twenty-five years imprisonment because the defendant had previously been convicted of a controlled substance offense and sentenced to five years probation for that offense.  Indeed, were it not for the mandatory minimum penalty in this case, the Guidelines

Sentencing Range would have been 155 to 188 months imprisonment, about half the mandatory minimum term.

Defense counsel may wish to consult with the defendant to assure that he pursues any available means of early release or pardon, but there is no basis in this motion for the Court to grant such relief.  In addition, the Government is again requested to review the case to consider exercising its considerable discretion to agree to a procedural means to reduce the twenty-five year mandatory minimum sentence of imprisonment in this case.  See, e.g., United States v. Holloway, 68 F. Supp. 3d 310, 314-16 (E.D.N.Y. 2014).

The application for a reduction of sentence pursuant to § 3582(c) is denied.

**SO ORDERED.**

**Dated:    New York, New York**
**         January 14, 2016**                    _____/s/_____
                                                      **John G. Koeltl**
                                            **United States District Judge**